IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00180-RLV
(5:97-CR-00001-RLV-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)     **ORDER**<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate his sentence which this Court finds is in fact an unauthorized motion to vacate, set aside or correct sentence under the provisions of 28 U.S.C. § 2255(h). For the reasons that follow, the § 2255 motion will be dismissed as successive.

**I.**      **BACKGROUND**

On February 23, 1998, Petitioner was convicted in this district on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); and one count of aiding and abetting with the possession with intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to concurrent terms of 360-months' imprisonment and his judgment was affirmed on appeal.

Since his judgment became final, Petitioner has filed several § 2255 motions to vacate that have been dismissed by this Court — either on the merits or as unauthorized, successive motions under 28 U.S.C. § 2255(h) — and if appealed, those appeals have been dismissed by the Fourth Circuit. See, e.g., (Case No. 5:99-CV-152-RLV (W.D.N.C. Mar. 27, 2002), appeal

1

dismissed, 46 F. App'x 188 (4th Cir. Sept. 23, 2002); 5:13-CV-00132-RLV (W.D.N.C. Oct. 9, 2013), appeal dismissed, No. 13-7906 (4th Cir. 2014); 5:13-CV-00161-RLV (W.D.N.C. Jan. 16, 2014); 5:14-CV-00028-RLV (W.D.N.C. Mar. 20 2014).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

In this latest § 2255 motion, Petitioner raises a claim that he is actually innocent of the charges for which he was convicted and sentenced. However, the record before the Court demonstrates otherwise. On July 11, 1997, Petitioner appeared with counsel before U.S. Magistrate Judge Carl Horn and entered guilty pleas to the charges identified above and his pleas were accepted after the court found that they were knowingly and voluntarily made. (5:97-cr-0001-RLV-1, Doc. Entry 50). On February 23, 1998, Petitioner appeared with counsel for his sentencing hearing and this Court found that there was a factual basis to support the entry of his guilty pleas to Counts One and Two of his superseding indictment, and therefore affirmed the magistrate judge's conclusion that the pleas were knowingly and voluntarily entered. As noted, Petitioner's convictions were affirmed by the Fourth Circuit. United States v. Dudley, No. 98-4166, 1998 U.S. App. LEXIS 27769 (4th Cir. filed Oct. 29, 1998) (unpublished).

Petitioner's claim of actual innocence is simply without merit. Petitioner is contesting the factual basis for his guilty plea – a claim he did not make before this Court during sentencing or on direct appeal – and as the Court has already found, Petitioner's pleas of guilty were both knowing and voluntary. That is, it is clear that he understood the elements of the charged offenses and that he understood the consequences of pleading guilty. Accordingly, Petitioner's claim of actual innocence – which is directly contradicted by his sworn statements before the magistrate court during his Rule 11 hearing and his acknowledgement before this Court that he was in fact guilty of the charged offenses – must fail. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). As Petitioner has presented no credible argument of actual innocence, the Court finds that his § 2255 motion must be dismissed as successive.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under § 2255 is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: November 19, 2014

Richard L. Voorhees
United States District Judge